# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEHMANI GARFIELD HARRIS,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-02442-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a Jamaican citizen who entered the United States on an H-2B visa on April 22, 2022, and overstayed the visa. (ECF No. 12-1 at 9.[1]) On January 10, 2026, Petitioner was arrested for aggravated assault with a deadly weapon, battery, and hindering witness communication to law enforcement. (Id. at 5–6, 9.) The Department of Homeland Security ("DHS") encountered Petitioner at the county jail after the arrest, detained him on January 11, 2026, and served him a notice to appear alleging that he was removable from the United States under 8 U.S.C. § 237(a)(1)(B). (ECF No. 12 at 1; ECF No. 12-1 at 9.)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On March 30, 2026, an immigration judge ("IJ") held a hearing and denied bond, stating:

> [Petitioner] is a danger to the community. [Petitioner] has been arrested for a domestic disturbance and currently has a temporary restraining order against him. Based on the evidence that has been provided [Petitioner] may have violated the restraining order while in detention based on the victim having appeared via Webex and having written a letter in support of [Petitioner], thus indicating conduct not allowed by the restraining order.

(ECF No. 12-1 at 12.) On April 23, 2026, another custody redetermination hearing was held, and an IJ again denied bond. Petitioner has not appealed either decision to the Board of Immigration Appeals ("BIA"). (ECF No. 12 at 2.)

On March 30, 2026, Petitioner filed a petition for writ of habeas raising a prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court construed the petition as also "challenging the statutory authority of Petitioner's detention." (ECF No. 8 at 1.) On April 23, 2026, Respondents filed a response, and Petitioner filed a reply on May 21, 2026. (ECF Nos. 12, 15.)

**II.**

**DISCUSSION**

Petitioner challenges the denial of a second bond hearing based on changed circumstances and asserts that his detention under 8 U.S.C. § 1226(a) "must be justified by clear and convincing evidence" and that Respondents have failed to provide an arrest warrant as required by 8 U.S.C. § 1226(a). (ECF No. 15 at 2–3.) Respondents argue that Petitioner is not entitled to habeas relief because he received an individualized bond hearing under the correct standard and has not exhausted administrative remedies. (ECF No. 12 at 2.)

**A. Denial of Bond Hearing Based on Changed Circumstances**

> The provision at issue in this case, 8 U.S.C. § 1226, provides the general process for arresting and detaining aliens who are present in the United States and eligible for removal. Section 1226 "distinguishes between two different categories of aliens." *Jennings v. Rodriguez*, ––– U.S. ––––, 138 S. Ct. 830, 837, 200 L.Ed.2d 122 (2018). Section 1226(a) establishes the "default rule," *id.*, giving the Attorney General "broad discretion" over detention matters, *Nielsen v. Preap*, ––– U.S. –––––, 139 S. Ct. 954, 956, 203 L.Ed.2d 333 (2019). This provision authorizes the Attorney General, in his discretion, to arrest and detain aliens "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

> For these individuals, the Attorney General can either "continue to detain the arrested alien," or "may release the alien on (A) bond of at least $1,500 ... or (B) conditional parole." *Id.* § 1226(a)(1)–(2). When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. 8 C.F.R. § 236.1(c)(8). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.*
>
> . . .
>
> . . . Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19. If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the IJ will order his release. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *see also Matter of Barreiros*, 10 I. & N. Dec. 536, 537–38 (B.I.A. 1964). The IJ considers various factors in making this determination, including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country. *Matter of Guerra*, 24 I. & N. Dec. at 40. The IJ also decides whether bond or other conditions on the alien's release are appropriate. *Id.*; *see* 8 U.S.C. § 1226(a)(2). The detainee may be represented by counsel and can submit evidence in support of his claims. *See* 8 C.F.R. § 1003.19(b); *Matter of Fatahi*, 26 I. & N. Dec. 791, 792 (B.I.A. 2016). He can also appeal an adverse decision to the BIA. *See* 8 C.F.R. § 236.1(d)(3).
>
> On top of this, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). The same procedures apply to this new hearing, and its outcome is also appealable to the BIA. *See generally id.* § 1003.19. By contrast, § 1226(c) on its face offers no opportunity for release on bond. *See* 8 U.S.C. § 1226(c); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008).

Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022).

To the extent Petitioner challenges the denial of a second § 1226(a) bond hearing based on changed circumstances, the Court finds that Petitioner is not entitled to relief because he has failed to exhaust administrative remedies.

> As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required

> administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).
>
> However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Singh v. Warden, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *3 (E.D. Cal. May 13, 2026).

Petitioner argues that exhaustion should not be required because he "will suffer irreparable injury from the result of the BIA long wait[.]" (ECF No. 15 at 2.) This Court has rejected a petitioner's contention "that the lengthy process of appealing his bond determination to the BIA constitutes irreparable harm that justifies waiving the prudential exhaustion requirement," observing that "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" and thus the case was "readily distinguishable from those involving continued detention without *any* process." Fernandez Vasquez v. Cruz, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055, at *3 (E.D. Cal. Jan. 30, 2026) (citation omitted)). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on his challenge of the denial of a second § 1226(a) bond hearing because he failed to exhaust administrative remedies.

**B. Justification of Detention by Clear and Convincing Evidence**

Petitioner asserts that his detention under 8 U.S.C. § 1226(a) "must be justified by clear and convincing evidence." (ECF No. 15 at 3.) "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. Further, the Ninth Circuit rejected the argument that due process

requires the government to justify detention under § 1226(a) by clear and convincing evidence. Rodriguez Diaz, 53 F.4th at 1210–12. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on his claim that detention under 8 U.S.C. § 1226(a) must be justified by clear and convincing evidence.

To the extent Petitioner asserts that he is entitled to another bond hearing, Petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz where the Ninth Circuit held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. See Rodriguez Diaz, 53 F.4th at 1203–14. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on his prolonged detention due process claim.

**C. Administrative Warrant**

Petitioner also asserts that Respondents have failed to provide an arrest warrant as required by 8 U.S.C. § 1226(a). (ECF No. 15 at 3.)

> "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Choglló Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained ....'" *Choglló Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.*

J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025). Here, Respondents have submitted a Form I-213 indicating that a U.S. Immigration and Customs Enforcement ("ICE") detainer was lodged with the county jail, DHS thereafter detained Petitioner, and Petitioner was processed as a "Warrant of Arrest/Notice to Appear." (ECF No. 12-1 at 9, 8.) Accordingly, the Court finds that there is evidence in the record that an administrative arrest warrant was issued. Further, J.A.C.P. is distinguishable from the instant matter because in J.A.C.P. the government argued that the applicable detention authority was § 1225(b)(2)(A), the court concluded that the petitioner was likely to succeed on the merits of his claim that he was not subject to mandatory detention under § 1225(b)(2)(A), and the court found that because "the government did not comply with the express terms of section 1226 when

it detained petitioner," the court could not conclude that he was detained on that basis. J.A.C.P., 2025 WL 3013328, at *3, 7, 8. In contrast, here, Respondents have not been subjecting Petitioner to mandatory detention under § 1225(b) and Petitioner has been provided with the "substantial procedural protections" under § 1226(a). Rodriguez Diaz, 53 F.4th at 1193. Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on this ground.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 12, 2026**

STANLEY A. BOONE
United States Magistrate Judge